UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN,<br><br>        Plaintiff,<br><br>    v.<br><br>A.F. ALPHONSO,<br><br>        Defendant. | No.  1:24-cv-01195-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 8) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed November 4, 2024.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names correctional officer Gonzales and Dr. Alphonso, as Defendants.  On May 3, 2024, during dayroom at North Kern State Prison (NKSP) in Building D02 at approximately 4:00 p.m. Officer Gonzales was on shift and was fully aware that water in a large size puddle had been spilled on the floor. Gonzales failed to place a wet floor sign and failed to see that the water was cleaned up. Plaintiff slipped and fell, banging his right hip very hard. Several inmates witnessed Gonzales observe the incident and found humor from it, instead of warning Plaintiff. After Plaintiff fell, Gonzales stated to hurry and get the wet floor sign and place it by the puddle. Plaintiff suffered a concussion and change in mental state. Plaintiff was

1   rushed to the outside hospital emergency room, and his sister received a call from a lieutenant
2   explaining what happened.  Plaintiff stayed overnight at the hospital having testing done.  When
3   Plaintiff returned to NKSP, several inmates wrote letters and signed statements saying they saw
4   the whole incident.  Witnesses state that Gonzales was aware of the puddle and failed to take
5   action.  Later, Plaintiff was called to get mail from officer Gonzales who stated "Man Kern, now I
6   had to make an incident report in the Log."

7   Dr. Alphonso was avoiding Plaintiff's schedule for pre-op consult, delayed treatment, and
8   failed to inform him of the seriousness of his prior injuries.  When Plaintiff returned from the
9   hospital, Dr. Alphonso stated everything was fine and Plaintiff needed to get to the mainline.  Dr.
10  Alphonso never advised Plaintiff that he suffered a concussion and did not give him instructions
11  or medical advice.  Dr. Alphonso never examined Plaintiff even though he passed out on the yard.

## III.

## DISCUSSION

### A. Slippery Floor

The " 'treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to " 'take reasonable measures to guarantee the safety of the inmates.' " Id.

To establish an Eighth Amendment claim on a condition of confinement, such as an excessive risk to health or safety, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) that the official was, subjectively, deliberately indifferent to the inmate's health or safety. Id. at 834. The objective prong may be satisfied by the existence of a serious medical need if the failure to address that need "could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). A defendant is deliberately indifferent if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. The defendant must not only "be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. There must be "harm caused by the indifference," although the harm does not need to be substantial. See Jett, 439 F.3d at 1096.

Case law is clear that a single defective condition – such as a slippery floor, a leaking roof, or a broken oven – by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The Ninth Circuit has held that claims regarding slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment." Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  The Ninth Circuit repeatedly has affirmed dismissals of a pro se prisoner's action, where the prisoner complained only of a leaking roof and the resulting accumulation of water on a cell floor. See, e.g., Pickett v. Nooth, No. 17-35305, 2017 WL 4541428, at *1 (9th Cir. July 28, 2017) (dismissing appeal as frivolous where plaintiff claimed, inter alia, that he slipped and fell in a puddle caused by a leaky roof); Winnop v. Deschutes Cnty., 471 F. App'x 602 (9th Cir. 2012) (same); Gilman v. Woodford, 269 F. App'x 756 (9th Cir. 2008) ("The district court properly determined that the allegations in Gilman's second amended complaint failed to demonstrate that prison officials' conduct in maintaining the prison roof and floors violated the Eighth Amendment.").

The Ninth Circuit finds conditions such as a wet and slippery floor to be "minor safety hazards," which do not violate the Eighth Amendment unless there is some "exacerbating condition[ ] ... which render[s] [the prisoner] unable to 'provide for [his] own safety.' " Osolinski, 92 F.3d at 938.  In order to state a cognizable claim for relief, there must be some exacerbating condition in addition to the slippery floor. See Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions). For example, in Frost, the prisoner-plaintiff was forced to traverse a wet and slippery shower floor while on crutches, and thus was unable to balance himself as well as an uninjured person.

1  See Frost, 152 F.3d at 1129.  The Ninth Circuit held that the failure to "provide handicapped-
2  accessible accommodations for a pretrial detainee who wears a leg cast and relies on crutches,"
3  combined with the risk posed by the wet shower floor, was sufficient to state an Eighth
4  Amendment violation.  Id.
5      Here, as with Plaintiff's original complaint, there is no suggestion in the first amended
6  complaint that there was some exacerbating condition contributing to the slippery floor such that
7  Plaintiff was unable to observe the water or was otherwise unable to provide for his own safety.
8  Although Plaintiff claims that Defendant Gonzales was aware of the puddle of water prior to his
9  slip and fall and failed to remedy the condition, he again alleges no facts or exacerbating
10  circumstances that could elevate this simple negligence claim into a federal civil rights claim.  See
11  Frost, 152 F.3d at 1129; Farmer, 511 U.S. at 835-36 & n.4; Osolinski, 92 F.3d at 938.  Without
12  something more than a slippery floor, no prison official could not have known about an
13  objectively serious condition creating a substantial risk of serious harm.  Osolinski, 92 F.3d at
14  938; Mancinas v. Brown, No. 2:16-cv-2806-EFB P, 2018 WL 1109673, at *2 (E.D. Cal. Mar. 1,
15  2018) (dismissing prisoner's § 1983 claim that known, ongoing leak caused puddle, resulting in
16  slip and fall).  Because Ninth Circuit precedent requires something more than a slippery wet floor,
17  and Plaintiff does not present anything more, his Eighth Amendment claim.
18      Even if Defendant Gonzales was aware of the puddle of water prior to Plaintiff's slip and
19  fall, there are insufficient facts to establish that Gonzales purposely ignored a known risk to
20  Plaintiff's safety in the common area.  See, e.g., Collier v. Garcia, No. 17-CV-05841 LHK (PR),
21  2018 WL 659014 (N.D. Cal. Jan. 31, 2018) (rejecting claim regarding a slip and fall, even where
22  plaintiff alleges that defendants had notice of the slippery conditions); Peterson v. Stewart, No.
23  2:23-cv-00692-DJC-JDP (PC), 2024 WL 2023668, at *1 (E.D. Cal. May 7, 2024) (allegation that
24  defendants failed to address a slippery floor that caused inmate to fall and suffer injury has
25  routinely been held to sound only in negligence); Wallace v. Haythorne, No. 06-1697 MCE GGH
26  P, 2007 WL 3010755, at *2-4 (E.D. Cal. 2007) (finding no Eighth Amendment violation when
27  prisoner fell after his foot slipped into a hole in the floor caused by a missing tile, even if
28  defendants were aware that a non-prisoner employee had previously tripped on one of the holes),

aff'd by No. 07-17364, 2009 WL 2015051 (9th Cir. July 2, 2009) (unpublished memorandum disposition). Accordingly, Plaintiff fails to state a cognizable claim against Defendant Gonzales.

### B. Medical Treatment

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. (internal citations and quotations omitted.) Second the plaintiff must show that the defendant's response to the need was deliberately indifferent. Id. The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal citations omitted). However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983. Id.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).) In addition, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88, overruled in

1   part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122.

2   It is clear from the complaint that immediately following Plaintiff slip and fall on May 3,
3   2024, he was transferred to an outside hospital for testing and treatment.  Although Plaintiff
4   alleges that he sustained a concussion on May 3, 2024, he does not allege that the concussion
5   resulted in an objectively serious medical condition at the time that Plaintiff was seeking medical
6   care from Dr. Alphonso, or that Dr. Alphonso was subjectively aware of any serious medical
7   condition that resulted from the concussion May 3, 2024.  Further, Plaintiff does not support his
8   conclusory allegation that Dr. Alphonso treated him with deliberate indifference with factual
9   allegations.  In determining whether Plaintiff's first amended complaint raises a plausible claim
10  against Dr. Alphonso, the Court does not credit conclusory statements that are unsupported by
11  specific factual allegations. See, e.g., Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir.
12  2012) ("a court discounts conclusory statements, which are not entitled to the presumption of
13  truth, before determining whether a claim is plausible").  As the Supreme Court has held, in order
14  to state a plausible claim, plaintiff must allege more than "bare assertions." Twombly, 550 U.S. at
15  556.  Here, the first amended complaint merely alleges bare assertions unsupported by any factual
16  allegations that show that Dr. Alphonso ever refused to respond to a request by Plaintiff for
17  medical treatment. Plaintiff does not allege any specific incident in which Dr. Alphonso (or any
18  other specific medical worker) intentionally denied, delayed, or interfered with any medical
19  treatment for plaintiff's serious medical need. General allegations that an official "refused"
20  treatment on unspecified occasions for unspecified complaints are insufficient to state a federal
21  constitutional claim.

22  The Court is mindful that, because plaintiff is appearing pro se, the Court must construe
23  the allegations of the pleading liberally and must afford him the benefit of any doubt. That said,
24  the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal
25  to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Noll v. Carlson, 809 F.2d
26  1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for pro se litigants").
27  Although plaintiff need not set forth detailed factual allegations, he must plead "factual content
28  that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555-56). That said, Plaintiff's first amended complaint fails to plead sufficient factual allegations to raise a reasonable inference that Dr. Alphonso is liable for providing constitutionally inadequate medical care. The Court therefore finds that Plaintiff's factual allegations, as presently alleged in the first amended complaint, even accepted as true and construed in the light most favorable to Plaintiff, are insufficient to nudge any federal civil rights claim against any named defendant "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

### C. Further Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In light of Plaintiff's failure to provide additional information about his claims despite specific instructions from the Court, further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Here, Plaintiff's allegations, at most, allege negligence by Defendants which is clearly insufficient to state a constitutional violation. For this reason, further leave to amend the complaint should be denied.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

1      This Findings and Recommendation will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**
3  **days** after being served with this Findings and Recommendation, Plaintiff may file written
4  objections with the Court, limited to 15 pages in length, including exhibits.  The document should
5  be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is
6  advised that failure to file objections within the specified time may result in the waiver of rights
7  on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.
8  Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 25, 2024**

STANLEY A. BOONE
United States Magistrate Judge

9