1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

JAMES CURTIS KERN,

12                          Plaintiff,

13              v.

14   A.F. ALPHONSO,

15                          Defendant.

16

No.  1:24-cv-01195-KES-SAB (PC)

FINDINGS AND RECOMMENDATION
RECOMMENDING DISMISSAL OF ACTION
FOR FAILURE TO STATE A COGNIZABLE
CLAIM FOR RELIEF

(ECF No. 8)

17        Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

18   U.S.C. § 1983.

19        Currently before the Court is Plaintiff's second amended complaint, filed November 4,

20   2024.

21                                        **I.**

22                          **SCREENING REQUIREMENT**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

27   "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

28

1  1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

2         A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

6  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

7  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

8  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

9         Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

11  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

12  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

14  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

15  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

17  at 969.

18                                    **II.**

19                          **SUMMARY OF ALLEGATIONS**

20         The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of

21  the screening requirement under 28 U.S.C. § 1915.

22          Plaintiff names Dr. Alphonso as the sole Defendant.  Plaintiff arrived at North Kern State

23  Prison on March 21, 2024.  During intake, Plaintiff explained all of the symptoms and medical

24  issues he was experiencing.  Plaintiff submitted several sick call slips and grievances complaining

25  of pain.  Plaintiff begged for medical attention.  Plaintiff was seen by Dr. Alphonso due to severe

26  pain in his left forearm and bicep and left side of his chest.

27

28                                   **III.**

**DISCUSSION**

### A.    Medical Treatment

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. (internal citations and quotations omitted.)  Second the plaintiff must show that the defendant's response to the need was deliberately indifferent. Id. The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal citations omitted).  However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983. Id.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted.)  In addition, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88, overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122.

3

Even assuming Plaintiff demonstrates an objectively serious medical need, he has failed to demonstrate that Dr. Alphonso knew of and deliberately disregarded a serious need for treatment. In fact, the allegations demonstrate otherwise.

To the extent Plaintiff contends that Dr. Alphonso is responsible for the delay or failure to receive any recommendation treatments, beyond stating that the procedures would take place by May 19, 2024, Plaintiff pleads no facts to demonstrate how Dr. Alphonso's acts or omissions contributed to the failure to receive such treatments. Indeed, Plaintiff acknowledges that he was transferred to Pelican Bay State Prison prior to any treatment. Merely stating that Dr. Alphonso recommended treatment which Plaintiff did not receive does not suffice to state a claim. See Iqbal, 556 U.S. at 678 (a pleading requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (to establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful).

Further, it is clear from the complaint that immediately following Plaintiff slip and fall on May 3, 2024, he was transferred to an outside hospital for testing and treatment. Although Plaintiff alleges that he sustained a concussion on May 3, 2024, he does not allege that the concussion resulted in an objectively serious medical condition at the time that Plaintiff was seeking medical care from Dr. Alphonso, or that Dr. Alphonso was subjectively aware of any serious medical condition that resulted from the concussion May 3, 2024. In fact, delays and waiting to see medical specialists and receive surgery are not uncommon in the world outside prisons.

The Court is mindful that, because plaintiff is appearing pro se, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for pro se litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

1   misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (quoting T<u>wombly</u>, 550 U.S. at 555-56).  That said,

2   Plaintiff's second amended complaint fails to plead sufficient factual allegations to raise a

3   reasonable inference that Dr. Alphonso is liable for providing constitutionally inadequate medical

4   care.  The Court therefore finds that Plaintiff's factual allegations, as presently alleged in the first

5   amended complaint, even accepted as true and construed in the light most favorable to Plaintiff,

6   are insufficient to nudge any federal civil rights claim against any named defendant "across the

7   line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570.

8       **B.     Further Leave to Amend**

9       If the Court finds that a complaint or claim should be dismissed for failure to state a claim,

10  the court has discretion to dismiss with or without leave to amend. Leave to amend should be

11  granted if it appears possible that the defects in the complaint could be corrected, especially if a

12  plaintiff is pro se. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); <u>Cato v.</u>

13  <u>United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to

14  amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that

15  the deficiencies of the complaint could not be cured by amendment." (citation omitted).

16  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,

17  the Court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1105-06.

18      In light of Plaintiff's failure to provide additional information about his claims despite

19  specific instructions from the Court, further leave to amend would be futile and the first amended

20  complaint should be dismissed without leave to amend. <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130

21  (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

22  Here, Plaintiff's allegations fail to give rise to a constitutional violation, and Plaintiff has

23  previously been given leave to amend on two separate occasions.  Accordingly, further leave to

24  amend the complaint should be denied.

25      **IV.**

26      **RECOMMENDATION**

27      Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be

28  dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

5

1         This Findings and Recommendation will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

3    **days** after being served with this Findings and Recommendation, Plaintiff may file written

4    objections with the Court, limited to 15 pages in length, including exhibits.  The document should

5    be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is

6    advised that failure to file objections within the specified time may result in the waiver of rights

7    on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

8    Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

9

10   IT IS SO ORDERED.

11   Dated:    **February 5, 2025**  

12                           STANLEY A. BOONE
                             United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28