UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN, | No. 1:24-cv-01195-KES-SAB (PC) |
| Plaintiff, | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS |
| v. | |
| A.F. ALPHONSO, | (Doc. 13) |
| Defendant. | |

Plaintiff James Curtis Kern is a state prisoner proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 21, 2024, the assigned magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A(a), found that plaintiff failed to state a claim, and granted plaintiff leave to amend. Doc. 5. On November 4, 2024, plaintiff filed a first amended complaint ("FAC"). Doc. 8. The magistrate judge screened the FAC and issued findings and recommendations on November 25, 2024. Doc. 9. Plaintiff filed objections to the findings and recommendations providing additional factual details not presented in his FAC. Doc. 10. In light of those additional facts, the magistrate judge vacated the November 25, 2024 findings and recommendations, without deciding on the merits of the claims, and allowed plaintiff leave to file

1

1  a second amended complaint ("SAC").  Doc. 11.  On December 19, 2024, plaintiff filed a SAC.
2  Doc. 12.
3       On February 5, 2025, the assigned magistrate judge screened the SAC and issued findings
4  and recommendations recommending that this action be dismissed, without further leave to
5  amend, for failure to state a cognizable claim upon which relief may be granted.  Doc. 13.
6  Plaintiff timely filed objections on February 18, 2025.  Doc. 14.
7       In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of
8  this case.  In his objections, plaintiff reiterates many of the same factual allegations regarding the
9  alleged delay in receiving treatment by a specialist that the magistrate judge correctly found were
10 insufficient to state a cognizable claim.
11      Plaintiff also argues in his objections that, even though he informed defendant of the pain
12 he was experiencing, defendant failed to adequately treat plaintiff's chronic pain.  Doc. 14 at 1.
13 Plaintiff asserts that, although plaintiff informed defendant that he was allergic to acetaminophen
14 and NSAIDs, defendant prescribed those medications to treat plaintiff, which led to internal
15 bleeding in plaintiff's stool.  Doc. 14 at 2.  To state an Eighth Amendment claim for inadequate
16 medical care, "a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'"
17 *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal citation omitted).  A "serious"
18 medical need exists if the failure to treat the plaintiff's injury or condition "could result in further
19 significant injury or 'the unnecessary and wanton infliction of pain.'"  *Jett v. Penner*, 439 F.3d
20 1091, 1096 (9th Cir. 2006) (internal citation omitted).  Indications that a prisoner plaintiff has a
21 "serious" medical need includes the existence of chronic and substantial pain.  *Colwell*, 763 F.3d
22 at 1066 (internal citation omitted).  Liberally construing plaintiff's objections, plaintiff asserts
23 that defendant was aware that plaintiff was suffering significant and chronic pain, that defendant
24 was aware that plaintiff was allergic to acetaminophen and NSAIDs medications, but that
25 defendant nonetheless prescribed those medications, causing risk of further injuries to plaintiff.
26 However, while these allegations are in plaintiff's objections, they are not contained in the SAC.
27      While plaintiff has already had the opportunity to amend his complaint, the Court will
28 grant plaintiff one <u>final</u> opportunity to file an amended complaint stating his claim, as plaintiff

may be able to state an Eighth Amendment claim based on his allegations that plaintiff informed defendant that he was allergic to certain pain medications but that defendant nonetheless continued to prescribe those medications and was deliberately indifferent to plaintiff's serious medical needs in treating plaintiff's pain.

Accordingly:

1. The findings and recommendations issued on February 5, 2025, Doc. 13, are adopted in part;
2. The SAC is dismissed for failure to state a cognizable claim for relief;
3. Within thirty days of the date of service of this Order, plaintiff may file an amended complaint consistent with this Order;
4. Failure to file an amended complaint within thirty days will result in the dismissal of this action; and
5. This action is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   October 13, 2025

_____
UNITED STATES DISTRICT JUDGE

3